# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAVID LAWRENCE LARSEN, | |
| Plaintiff, | No. C11-1038-LRR |
| vs. | |
| DOUG BUTIZER, MARK McKEON, | INITIAL REVIEW ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's complaint under 42 U.S.C. § 1983 (docket no. 1). The plaintiff submitted such complaint in September and the clerk's office filed the plaintiff's civil rights action on October 3, 2011.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

The plaintiff submitted an application to proceed in forma pauperis in a separate case, and, from the record, it appears that he wants the court to rely on it for purposes of commencing the instant action. *See Larsen v. Department of Corrections*, Case #: 2:11-cv-01027-LRR (N.D. Iowa 201_). Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his statements, the court finds that the plaintiff is unable to pay an initial partial filing fee. *Id*. Nevertheless, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Dubuque County Jail in Dubuque, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his medical care. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff makes clear that he is complaining about events that occurred when the defendants examined or treated him at Mercy Hospital. As relief, the plaintiff states that he wants: (1) the doctors to lose their jobs; (2) protocols to be put in place; and (3) compensation.

### IV. ANALYSIS

#### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

## B. *Plaintiff's Claim*

The court concludes that the plaintiff failed to state a claim upon which relief can be granted. The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kramer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948); *see also Georgia v. McCollum*, 505 U.S. 42, 50, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992) ("[A]lthough repugnant in all contexts, [racial discrimination] violates the Constitution only when it is attributable to state action."). Stated differently, it is well established that private action is immune from the restrictions of the Fourteenth Amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Relatedly, "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson*, 419 U.S. at 349). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n.*, 713 F.2d 414, 415 (8th Cir. 1983). A private party, however, can be held liable under 42 U.S.C. § 1983 if it acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590.[1] Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson*, 419 U.S. at 351). "The mere fact that a business is subject to state regulation does not by itself convert its action into

---

[1] The court notes that the "under color of state law" element of 42 U.S.C. § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 ((1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

that of the State . . . [even though] the regulation is extensive and detailed." *Jackson*, 419 U.S. at 350.

Here, the plaintiff fails to aver that the defendants are state actors or acted under color of state law when the plaintiff's rights were allegedly violated; the plaintiff's allegations do not establish state action. Douglas J. Butzier and Mark A. McKeon are medical doctors at the Mercy Medical Center in Dubuque. Mercy Hospital is clearly subject to regulation, but it is a private corporation.[2] The alleged conduct of employees of Mercy Hospital may not be fairly attributed to the State. *See Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that the plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because neither the defendants nor Mercy Hospital can be considered state actors so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

Alternatively, negligent acts are not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-34, 106 S. Ct. 662, 666, 88 L. Ed. 2d 662 (1986); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992). Further, an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C. § 1983. *Dulany v. Carnahan*, 132 F.3d 1234, 1239-44 (8th Cir. 1997);

---

[2] The Secretary of State for the State of Iowa maintains an online database of Iowa corporations. It may be accessed at the following address: www.sos.state.ia.us/search/index.html.

*Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Here, the plaintiff complains that the defendants negligently treated him. And, he dislikes how they examined him. Based on the facts as pleaded, the plaintiff fails to state a claim of an Eighth Amendment medical needs violation. The facts alleged do not establish that the plaintiff had a serious medical need and the defendants actually knew of and deliberately disregarded his serious medical need. Because the facts presented by the plaintiff belie any assertion of deliberate indifference by the defendants, the plaintiff fails to state a claim on which relief may be granted. *Cf. Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action.").

Based on the foregoing, the plaintiff's action against shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff need not submit an initial partial filing fee. Nevertheless, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 5th day of October, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Dubuque County Jail, Dubuque, Iowa

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that David Lawrence Larsen, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Larsen v. Butizer, et al.*, Case No. C11-1038-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nevertheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen*, Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa